UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

   -against-

ROBERT KALABA,

       Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/22/2020
```

13 Cr. 794-2 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Defendant, Robert Kalaba, is currently imprisoned at FCI Cumberland ("Cumberland") in Maryland. *See* Def. Mot. at 3, ECF No. 401. He is serving an 84-month sentence for conspiring with others to distribute highly addictive narcotics outside the course of medical practice and in violation of the law. Sentencing Tr. 16:6–10, ECF No. 370; *see also* Gov't Letter at 1, ECF No. 403; Judgment, ECF No. 361. He also engaged in money laundering and deception to conceal the enterprise and its proceeds. Sentencing Tr. 16:10–12. Kalaba requests compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the risks posed by COVID-19. He argues that his medical condition, diverticulosis—a gastrointestinal disease—adds "significantly to the extraordinary and compelling reasons for his commutation." Def. Mot. at 3–5. For the reasons stated below, the motion is DENIED.

## BACKGROUND

  In October 2015, Kalaba, along with his co-defendant, was convicted after a three-week trial in connection with his role in a multi-year and multi-million-dollar oxycodone distribution scheme conducted in violation of 21 U.S.C. §§ 841(a), 841(b), 843(a), 846, and 1956(h). Gov't Letter at 1; Judgment at 1–2. On January 24, 2017, the Court sentenced him to 84 months' imprisonment, which he is currently serving at Cumberland, and 36 months of supervised release. *See* Judgment at 3–4. Kalaba has served approximately 68 months of his sentence. Def. Mot. at 6.

Kalaba, who is 53 years old, suffers from diverticulosis, which has caused him abdominal pain and blood in his stool. *Id.* at 3–5; *see also* ECF No. 403-1 at 4. In August 2019, Physician Assistant Jim Krepps examined Kalaba and ordered a colonoscopy. Def. Mot. at 4; ECF No. 401-1. On March 19, 2020, Mohamed S. Moubarek, M.D., C.D., acting in the role of institution clinical director, disapproved the testing, concluding that Kalaba's diverticulosis did not require a follow up colonoscopy. Def. Mot. at 4; ECF No. 401-2 at 3. Kalaba argues that he is currently being denied medical care and is at great risk by continued incarceration. Def. Mot. at 5.

The Government acknowledges that Kalaba's disease has caused him serious discomfort, but maintains that he has not met his burden of establishing that there are "extraordinary and compelling reasons" warranting his immediate release from prison. Gov't Letter at 5–6. It contends that Kalaba's condition does not place him at high risk of contracting or experiencing increased complications from COVID-19 and that his medical condition standing alone fails to justify "the extraordinary relief he seeks." *Id.*

## DISCUSSION

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.*

The Sentencing Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) indicate that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical

condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).  Extraordinary circumstances also exist where the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* cmt. n.1(B).  Courts may also reduce a defendant's sentence for "an extraordinary and compelling reason other than, or in combination with, the reasons described in" those more specific provisions.  *Id.* cmt. n.1(D).

Notwithstanding the extraordinary scope and severity of the COVID-19 health crisis, Kalaba does not meet any of the above criteria.[1]  He is less than 65 years old and, although he suffers from diverticulosis, he does not claim to have an underlying condition that indicates that he is at heightened risk for severe illness from COVID-19.  *See* Centers for Disease Control and Prevention, *People Who Are at Higher Risk for Severe Illness* (May 14, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

Courts have granted modified sentences in light of COVID-19 for defendants with illnesses or injuries that make them particularly vulnerable to COVID-19.  *See, e.g.*, *United States v. Zukerman*, 16 Cr. 194, 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (collecting cases).  By contrast, in cases where such illnesses or injuries were absent, courts in this district have denied requests for compassionate release.  *See United States v. Haney*, No. 19 Cr. 541, 2020 WL 1821988, at *5 (S.D.N.Y. Apr. 13, 2020) (denying compassionate release where "unlike many of the prisoners who have applied in recent days for release because they suffer

---

[1] Because Kalaba has met the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A), Def. Mot. at 5, the Court begins by addressing whether extraordinary and compelling reasons exist that warrant a reduction in sentence.

from asthma, diabetes, heart disease, or other deleterious health conditions that make them unusually vulnerable to the effects of COVID-19 — [the defendant] is in reasonably good health"); *United States v. Zehner*, No. 19 Cr. 485, 2020 WL 1892188, at *2–3 (S.D.N.Y. Apr. 15, 2020) (denying motion for compassionate release where defendant was less than 65 year old and suffered from high blood pressure and depression, but not any of the underlying conditions that indicate heightened risk in connection with COVID-19).  The Court likewise finds that Kalaba has not demonstrated that his condition places him at a higher risk of contracting or experiencing increased complications from COVID-19.

Moreover, Kalaba's medical condition, standing alone and apart from any COVID-19 related risk, does not justify compassionate release.  Although Kalaba takes issue with Dr. Moubarek's decision that a follow-up colonoscopy was not required in light of Kalaba's past colonoscopies, lab results and his current condition, the records suggest that he has been examined and treated for his medical issues, including diverticulosis.  Gov't Letter at 6.  The Court concludes, therefore, that Defendant is ineligible for release.

## CONCLUSION

Accordingly, Defendant's motion for release under 18 U.S.C. § 3582(c)(1)(A) is DENIED.  The Clerk of Court is directed to terminate the motion at ECF No. 401.

SO ORDERED.

Dated: June 22, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge