```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

          -against-

ROBERT KALABA,

                           Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/14/2022
```

13 Cr. 794-2 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The Court has reviewed the parties' letters dated November 15, 2022, and December 9, 2022. ECF Nos. 413, 420. On January 24, 2017, the Court sentenced Defendant, Robert Kalaba, to eighty-four months' imprisonment with a three-year term of supervised release. ECF No. 361. Defendant requests that the Court terminate his supervised release "approximately 16 months early." ECF No. 413 at 1. Defendant argues that "maintaining [his] supervised release for the final 16 months of his term is unnecessary, requires additional expenditure of finite [United States] Probation Office [("Probation")] resources, and is more likely to burden [his] attempts to continue forward with his rehabilitation." *Id.* at 2. During his term of supervised release, Defendant has worked, "car[ed] for his family, and contribut[ed] to the community." *Id.* In a letter to the Court, Defendant states, "Since my release from prison, I have complied with all of my probation requirements with no infractions or citations . . . . The only thing preventing me from [being a productive member of society] is the 17 months that I have left on supervised release." ECF No. 413-5.

      The Government and Probation oppose early termination. ECF No. 413 at 1. The Government states that, "[w]hile [it] appreciates that Kalaba appears to be abiding by the terms of the Court's supervised release conditions, he has not presented the Court with any exceptional circumstances that would warrant early termination." ECF No. 420 at 2. The Government further states that, in August 2022, or "[a]pproximately three months" after Defendant "was transferred to [Probation's] [l]ow [i]ntensity [s]upervision [c]aseload in recognition of his general compliance with the terms of his release" on May 11, 2022, he "was found to be residing in the Southern District of Florida ("SDFL") without permission and was directed to return to the Southern District of New York ("SDNY")." *Id.* at 1–2. Defendant "returned to SDNY and has since used the appropriate procedure to request and receive permission to relocate to SDFL." *Id.* at 2.[1] Probation submitted its opposition to the Court, which will be filed under seal.

---

[1] Defendant's "supervision has recently been transferred to [SDFL], and . . . he is on the 'least restrictive' form of supervised release." ECF No. 413 at 1. Defendant states that, although Probation "opposes early termination" at this time, "his previous probation officer," who has retired, "did not oppose early termination at all." *Id.*

The Court concludes that early termination of supervised release is not warranted at this time.  *See United States v. Parisi*, 821 F.3d 343, 347–49 (2d Cir. 2016); *United States v. Rasco*, No. 88 Cr. 817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).  Accordingly, Defendant's request is DENIED.

The Clerk of Court is directed to terminate the motions at ECF Nos. 413 and 420.

SO ORDERED.

Dated: December 14, 2022
    New York, New York

_____
ANALISA TORRES
United States District Judge